J-S41026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSHUA ALLEN KURTZ | |
| Appellant | No. 1727 MDA 2014 |

Appeal from the Judgment of Sentence May 28, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001034-2013

BEFORE:  ALLEN, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED JULY 06, 2015**

Joshua Allen Kurtz appeals from the judgment of sentence imposed in the Court of Common Pleas of Lebanon County after he was convicted of one count of driving under the influence (DUI) - general impairment,[1] one count of DUI - highest rate of alcohol,[2] and several summary offenses.  Upon careful review, we affirm.

The trial court has set forth the facts of this matter as follows:

> On March 24, 2013, Ronald Ream (herein "Mr. Ream") called Pennsylvania State Police (herein "PSP") to report a possible accident on West Franklin Avenue, Jackson Township, Lebanon County, Pennsylvania.  Mr. Ream is a resident on West Franklin

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] 75 Pa.C.S.A. § 3802(c).

Avenue and was awakened by what he believed to be the sound of a car accident outside around two o'clock in the morning. Mr. Ream looked out his window and saw the aftermath of the accident. The initial call was placed to PSP at approximately 2:17 a.m.

At approximately 2:19 a.m. Trooper Christopher Graf (herein "Trooper Graf") was dispatched to the scene. Trooper Graf testified that he arrived on the scene at approximately 2:28 a.m. When he arrived, there were fire and emergency medical personnel present, but there was no driver present. Trooper Graf observed a black Pontiac Grand Prix on the wrong side of the roadway. It appeared that the Pontiac Grand Prix had been traveling east on West Franklin Avenue, crossed into the opposing traffic lane and hit a car which was parked on the opposite side facing west (on the north side of the road). The parked car was struck with sufficient force to cause it to be moved from the road up onto the steep, hilly lawn of a neighboring yard.

Trooper Graf testified that [Kurtz] arrived on the scene with his parents between 2:33 and 2:38 a.m. When he spoke with [Kurtz], Trooper Graf smelled a strong odor of alcohol and observed that [Kurtz's] speech was slurred, he repeated his answers, his eyes were bloodshot and glassy, and that he had difficulty explaining to Trooper Graf what had happened. [Kurtz] told Trooper Graf that he had been driving the Pontiac Grand Prix at the time the accident occurred and admitted that he had been drinking alcohol at a friend's house that evening prior to the accident.

Trooper Graf arrested [Kurtz] for suspicion of DUI. [Kurtz] was transported to Good Samaritan Hospital (herein "GSH") to have his blood drawn. Lauren Stroh, a phlebotomist at GSH, drew [Kurtz's] blood at 3:50 a.m. [Kurtz's] BAC was .201%.

Trial Court Opinion, 9/18/14, at 2-3.

On March 25, 2014, following a bench trial, Kurtz was found guilty of the aforementioned offenses. The court sentenced Kurtz on May 28, 2014 to six months' intermediate punishment and a fine of one thousand dollars ($1,000) plus additional fines for the summary offenses. Kurtz filed post-

sentence motions, which the court denied. He then filed a timely notice of appeal to this Court, as well as a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Kurtz raises the following issues for our review:

> A. Did the trial court err in denying [Kurtz's] motion for judgment of acquittal as to count two – DUI: general impairment 75 Pa.C.S.A. § 3802(a)(1) where the Commonwealth's evidence failed to establish that [Kurtz] was under the influence of alcohol to a degree which impaired his ability to safely drive, operate, or be in actual physical control of a vehicle at the time he last did so?
>
> B. Did the trial court err in denying [Kurtz's] motion for judgment of acquittal as to count one – DUI: highest rate of alcohol 75 Pa.C.S.A. § 3802(c) where the Commonwealth's evidence failed to establish that [Kurtz] consumed enough alcohol prior to driving such that his blood alcohol concentration was 0.16% or higher within two hours of driving?

Appellant's Brief, at 6.

We review a sufficiency of the evidence claim under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt

- 3 -

by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Vargas*, 108 A.3d 858, 867-68 (Pa. Super. 2014) (brackets omitted).

Kurtz first challenges the sufficiency of the evidence to establish his general impairment DUI conviction. Kurtz asserts that the Commonwealth failed to prove that he was incapable of safely driving due to alcohol intoxication at the time of the accident, as the police found him about thirty minutes after the accident. Kurtz also claims that the Commonwealth failed to prove that he did not consume alcohol after the accident.

Pennsylvania's DUI statute for general impairment provides, in relevant part, as follows:

**§ 3802. Driving under influence of alcohol or controlled substance**

**(a) General impairment.--**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

"The Commonwealth may sustain its burden of proof by wholly circumstantial evidence." *Commonwealth v. Segida*, 985 A.2d 871, 880 (Pa. 2009) (citations omitted).

The types of evidence that the Commonwealth may proffer in a [DUI] prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two hour time limit for measuring blood alcohol level does not apply. Blood alcohol level is admissible in a [DUI] case only insofar as it is relevant to and probative of the accused's ability to drive safely at the time he or she was driving. The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol - not on a particular blood alcohol level.

*Id.* at 879. "Furthermore, the accident itself constitutes evidence that [the defendant] drove when he was incapable of doing so safely." *Id.* at 880.

Here, Kurtz admitted to Trooper Graf that he was driving the car that caused the accident. N.T. Trial, 3/25/14, at 12. Trooper Graf testified that he smelled a strong alcoholic odor emanating from Kurtz, his eyes were bloodshot, and he slurred his speech. *Id.* at 11. As in *Segida*, the accident itself also constitutes evidence that Kurtz was incapable of safely driving due to alcohol intoxication at the time of the accident.

Kurtz attempts to point out a discrepancy in Trooper Graf's testimony as to whether Kurtz had told Trooper Graf whether he had consumed any alcohol after the accident. However, the record reflects that Kurtz told Trooper Graf that he had not consumed any alcohol from the time of the accident to the time of his interaction with the police. *Id.* at 12, 25.

- 5 -

Moreover, *Segida*, a factually similar case, held that the Commonwealth need not "prove that an accused did not drink any alcohol after the accident." *Segida*, 985 A.2d at 884 n. 6. Accordingly, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court that there was sufficient evidence to support a guilty verdict for the general impairment DUI offense.

Kurtz next challenges the sufficiency of the evidence to establish his highest rate of alcohol DUI conviction. The arguments Kurtz makes for this claim mirror those made in his first challenge above, which have already been addressed. Additionally, Kurtz asserts that the Commonwealth failed to prove that Kurtz's BAC was 0.16% or higher within two hours of having driven. The only evidence of when Kurtz last drove the car is the testimony from Mr. Reams that he woke up because of the accident at 2:00 a.m.

Pennsylvania's DUI statute for highest rate of alcohol provides, in relevant part, as follows:

> **§ 3802. Driving under influence of alcohol or controlled substance**
>
> * * *
>
> **(c) Highest rate of alcohol.--** An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(b).

The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. ***Commonwealth v. Lambert***, 795 A.2d 1010, 1013 (Pa. Super. 2002). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Id.***

Here, the record shows that Mr. Reams woke up because of the accident and his wife told him that it was 2:00 a.m. N.T. Trial, 5/25/14, at 32. The record also shows that Kurtz's blood was drawn at 3:50 a.m. and his BAC was 0.201%. ***Id.*** at 15. This timeline establishes that Kurtz's BAC was over the 0.16% limit within two hours after he had last driven his car. We have concluded above that the evidence was sufficient to prove that Kurtz was driving while intoxicated and that he did not drink any alcohol after the crash. Therefore, the evidence was sufficient to allow the fact finder to convict Kurtz of this offense as well.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2015

- 7 -